UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| XIOMARA LINARES, | : | Civil Action No. 19-18174 (KM) |
| Plaintiff, | : | |
| v. | : | REPORT & RECOMMENDATION |
| COSTCO WHOLESALE CORPORATION, | : | |
| Defendant. | : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on the failure of *pro se* Plaintiff Xiomara Linares to comply with Court orders and prosecute her case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff commenced this action on or about April 22, 2019 against Defendant Costco Wholesale Corporation ("Costco" or "Defendant") in the Superior Court of New Jersey, Law Division, Hudson County. On September 20, 2019, Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaint alleges that due the negligence of Defendant, she slipped and fell on "a wet substance on the floor" while shopping at Defendant's store in Clifton, New Jersey. Dkt. No. 1, Complaint at ¶ 6. Following removal, Defendant filed its Answer [Dkt. No. 3] and the Court entered an Order scheduling in initial conference pursuant to Federal Rule of Civil Procedure 16 [Dkt. No. 4]. After counsel for Plaintiff, Jean-Claude Labady, Esq. of Garces, Grablet & LeBroocq, P.C. failed to appear for the initial conference on December 18, 2019, the conference was rescheduled for February 3, 2020. *See* Dkt. No. 7. During the initial conference on February 3, 2020, Mr. Labady

1

requested leave to file a motion to withdraw as counsel for Plaintiff and the Court entered a subsequent Order directing Mr. Lababy to file his motion by February 28, 2020. *See* Dkt. No. 8.

On February 8, 2020, Mr. Labady filed a motion to withdraw as counsel for Plaintiff. *See* Dkt. No. 9. In his motion, Mr. Labady stated that he "did not believe [P]laintiff had a viable claim against [Defendant]," and sent Plaintiff a letter "informing her of such" on April 15, 2019. Dkt. No. 9-1 at p. 1. Plaintiff, however, never received Mr. Labady's letter because she was "in the United States on a temporary visa and has returned to her country in the Dominican Republic." *Id.* Accordingly, because the Plaintiff was "no longer in the United States" and because Mr. Labady did "not know of her whereabouts," Mr. Labady argued that it "would be both impracticable and unwise" to continue to represent her. *Id.*

The Court scheduled an in-person hearing for March 30, 2020 to address Mr. Labady's motion and directed that Plaintiff, Mr. Labady and Defendant's counsel all attend. *See* Dkt. No. 8. The hearing was adjourned several times and was eventually converted to a telephonic hearing which was to take place on August 26, 2020. *See* Dkt. No. 15. On August 25, 2020, the day before the scheduled hearing on his motion to withdraw, Mr. Labady filed a letter detailing his efforts to serve Plaintiff with notice of the hearing. *See* Dkt. No. 16. Mr. Labady stated in his letter that he had mailed the Court's Order to Plaintiff's last known address via certified and regular mail and that the letter was "Undeliverable." *Id.* Mr. Labady claimed to have also contacted Plaintiff's nephew, identified only as Manuel, in an effort to reach Plaintiff. *Id.* Manuel informed Mr. Labady that Plaintiff "still resides in the Dominican Republic" and stated that he would attempt to obtain a telephone number where Plaintiff could be reached. *Id.* Manuel did not subsequently provide Mr. Labady with any contact information for Plaintiff.

The Court held a telephonic hearing regarding Mr. Labady's motion to withdraw on August

26, 2020, which Plaintiff did not appear for. Following the hearing, the Court issued an Order granting Mr. Labady's motion to withdraw, giving Plaintiff thirty days to retain new counsel or proceed *pro se* and setting a telephone conference for October 15, 2020. *See* Dkt. No. 17. Mr. Labady was also directed to serve a copy of the Court's August 26, 2020 Order on "Plaintiff at her last known address and the last known address of any members of Plaintiff's family known to counsel via regular and certified mail" and to file proof of such service with the Court. *Id.* Mr. Labady filed a letter on November 13, 2020 informing the Court that his attempts to serve Plaintiff with the August 26, 2020 Order via regular and certified mail had been unsuccessful. *See* Dkt. No. 19. On November 20, 2020, Mr. Labady filed another letter informing the Court that "someone signed for" his most recent letter which included a copy of the Court's October 15, 2020 Order adjourning the scheduled telephone conference to November 23, 2020. *See* Dkt. No. 20.

Plaintiff did not appear for the November 23, 2020 telephone conference or otherwise communicate with the Court. Based on Plaintiff's complete lack of participation in this matter, the Court issued an Order to Show Cause, dated February 23, 2021, which required Plaintiff to submit a written submission to the Court by March 12, 2021 and appear before the Court on April 6, 2021 at 12:00 PM and show cause why her case should not be recommended for dismissal. *See* Dkt. No. 22.[1] The Order to Show Cause also required Mr. Labady to provide Defendant's counsel with "all addresses known by [Mr. Labady] to be associated with Plaintiff" and required Defendant's counsel to serve a copy of the Order Show Cause "at all such addresses" by certified mail. *Id.* Defendant's counsel filed proof of such service with the Court on March 10, 2021.

Plaintiff did not file the required written submission and did not appear for the hearing on April 6, 2021. The Court has not received any communication from Plaintiff at any juncture during

---

[1] Due to an error in the Order to Show Cause regarding the date for the hearing, the Court issued an Amended Order to Show Cause on March 2, 2021. *See* Dkt. No. 23.

3

the pendency of this matter.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.* This Court recognizes the strong policy favoring decisions on the merits barring substantial circumstances in support of dismissal as a penalty. *See Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019).

In *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case, it appears that Plaintiff, first failing to communicate with her counsel and later appearing *pro se* in this action, is solely responsible for her failure to comply with Court orders and to prosecute her case. By failing to attend a single conference or hearing or communicate with the Court in any manner, Plaintiff made it impossible

to meaningfully participate in this litigation. Moreover, Defendant mailed the Order to Show Cause to Plaintiff's last known addresses, yet Plaintiff failed to submit a position paper or appear for the hearing on April 6, 2021. By failing to communicate with the Court and failing to appear at the hearing, Plaintiff has effectively abandoned her case.

**2. Prejudice to Defendants.** Permitting Plaintiff's case to go forward when Plaintiff has demonstrated an apparent refusal to participate in advancing this case or comply with Court orders would cause manifest injustice to Defendant. Plaintiff initiated this action through her counsel and has since failed to respond or appear pursuant to any Court orders. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. She failed to cooperate with her previous counsel and failed to respond to correspondence from the Court or provide her counsel or the Court with updated contact information. Plaintiff further failed to appear for the November 23, 2020 telephone conference, failed to submit a position paper on the required date pursuant the Order to Show Cause, and failed to appear at the Order to Show Cause hearing on April 6, 2021. Accordingly, Plaintiff's inaction in this matter supports dismissal.

**4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to communications from her former counsel and the Court and has failed to attend scheduled conferences before this Court. These circumstances, when taken as a whole, support dismissal as the appropriate remedy.

**5. Effectiveness of Alternative Sanctions.** Plaintiff's record of unresponsiveness suggests that alternative sanctions would be futile. Despite delaying this case for months and ordering Plaintiff to respond and appear, Plaintiff has not participated in prosecuting her case. No

other sanction would be effective if Plaintiff does not heed them. *See Joyce v. Continental Airlines, Inc.*, No. 09-2460, 2011 WL 2610098, at *2 (D.N.J. June 15, 2011). As such, alternative sanctions would not be appropriate.

**6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

In sum, Plaintiff did not appear in response to the Court's Order to make an appearance to show cause why this case should not be dismissed. Plaintiff also failed to respond to any correspondence from her former counsel or the Court and has not participated in this matter in any manner. As such, Plaintiff's complete failure to participate in this litigation and willful abandonment establish her inability to adequately prosecute this matter.

## **CONCLUSION**

The Court having considered this matter pursuant to FED. R. CIV. P. 78 and having given consideration of the *Poulis* factors;

**IT IS** on this **15th day of June, 2022**,

**RECOMMENDED** that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order by regular mail to Plaintiff at 7401 Dane Court, Apartment B, North Bergen, NJ 07047; and it is further

**ORDERED** that Defendants' counsel shall serve a copy of this Order by certified mail, return receipt requested and regular mail to Plaintiff at 7401 Dane Court, Apartment B, North Bergen, NJ 07047.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

                     s/James B. Clark, III
                     **HONORABLE JAMES B. CLARK, III**
                     **UNITED STATES MAGISTRATE JUDGE**